## Michael and Katarzyna Madaj, Defendants in Error, v. Kazimierz and Pelagia Madaj, Plaintiffs in Error.

### Gen. No. 17,232.

1. APPEALS AND ERRORS—*saving questions.* An objection that the master's report is not signed is waived when not raised in lower court.

2. PARTITION—*solicitor's fees.* Where complainant under an agreement between the parties giving him entire managment and control of the premises, makes a contract to sell the same and defendant refuses to join and does not set up a substantial defense, a decree for partition allowing complainant solicitor's fees will be sustained.

Error to the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed June 30, 1913.

ROYAL W. IRWIN and F. W. KORALESKI, for plaintiffs in error.

JAMES G. SKINNER, for defendants in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The defendants in error filed a bill in the Superior Court of Cook County for a partition and an accounting, and defendant in error Michael Madaj will be hereinafter called complainant. Among the parties made defendants therein were the plaintiffs in error, and the plaintiff in error Kazimierz Madaj will be hereinafter called defendant. The bill averred, *inter alia,* the joint purchase by the complainant, Michael Madaj, and the defendant, Kazimierz Madaj, brothers, of certain described real estate for $18,500; that a part thereof had been sold and conveyed for $8,500; that the said complainant and defendant were the owners of and each seized in fee simple of an undivided half of the remaining portion of the said described

Madaj v. Madaj, 181 Ill. App. 478

premises; that certain payments had been made thereon and the interest therein of the said defendant was in equity charged and incumbered with certain specified sums paid and advanced thereon by the complainant; that the said real estate was the only real estate in which the parties had a common interest and that no others than parties to the cause had any interest therein, and prayed for a partition and an accounting. The other parties defendants were the owner and holder of a note secured by a trust deed on the said premises, the trustee therein, judgment creditors and others who duly appeared and answered and whose interests are here immaterial and need not be set forth.

The defendant Kazimierz Madaj answered, *inter alia,* that he and the complainant were the owners of the said premises; that "each was seized of the legal title to an undivided one-half interest in and to the said premises, but denies that the interest of the defendant, Kazimierz Madaj, is equitably charged and incumbered with such sum or sums set forth in complainant's bill of complaint, which have been paid out by the complainant, Michael Madaj, over and above any sum or sums of money paid by these defendants on account of said purchase money," and further "deny that the interest of said defendant, Kazimierz Madaj, is equitably charged or incumbered with any such additional sum or sums of money as set forth in complainant's bill of complaint," and deny that the complainant is entitled to contribution from the said defendant.

Replications were filed and the cause referred to a master. On a hearing before the master he found that all the material allegations of the bill were proved and recommended a decree of partition in accordance with the prayer of the bill. Objections to the master's report were overruled and also exceptions to the report were overruled by the chancellor and a decree entered

in accordance therewith, except that the chancellor decreed an allowance of $400 solicitor's fees for the complainant instead of $500 recommended by the master.

The commissioners named in the decree reported that a division of the said premises could not be made without manifest prejudice to the parties in interest, and on the appraisement fixed the value thereof at $8,000, whereupon a decree of sale was entered.

The master's report was unsigned and this fact the defendant urged as reversible error. The master, after hearing the testimony, prepared his report and notified all the parties thereof. The complainant and the defendant filed objections to the report and the master overruled same and made a notation thereof on both of said objections over his signature. The evidence taken before the master was then, together with the exhibits, certified to by the master over his signature and filed in court, but the report filed therewith was not signed. By order of the court the objections stood as exceptions to the master's report and on a hearing before the court same were overruled. Neither objection nor exception was made to the failure of the master to sign the report. A decree for partition of the premises in question was entered, wherein the reference to the master was recited and the making of his report, the filing of objections thereto and overruling same; the order of the court that said objections stand as exceptions to the said report and that on a hearing thereon the same were overruled, except as to the amount of the complainant's solicitor's fees; that the cause was heard upon the pleadings, describing same, and "the testimony and exhibits taken and introduced before the said master in chancery, and upon evidence heard in open court, and upon the report of the master, which is hereby approved and confirmed," etc. Under these circumstances we think that the objection made, not that it was not the master's

report, but that the master failed to sign his report, was waived and cannot be first heard in this court.

An objection is made that the defendant was not given credit for $200, being half of the payment to the complainant on a contract for the sale of said premises. This sum of $400 was, on the accounting between the parties, all charged against the complainant, and we are unable to appreciate the defendant's contention that he was not given one-half thereof.

The remaining and principal objection urged for the reversal of the decree is the allowance by the court of the complainant's solicitor's fee, claiming that the defense to the partition suit, although not sustained, was a good and substantial defense. The statute provides that in a partition suit the court shall, when all the rights and interests of all the parties in interest are properly set forth in the petition or bill, allow a reasonable solicitor's fee, unless the defendants or some of them shall interpose a good and substantial defense to said bill or petition.

The complainant had, by an agreement between the parties, the entire management and control of the said premises, and made a contract to sell the same for $8,450, and desired the defendant to join in a conveyance in performance thereof. This the defendant declined to do, saying, "I would not sign until I see the money or I would receive some guarantee on the sale." He admits that he was told that he would lose $675 to $775, but the costs were not mentioned. At no time did he give any other reason than the above for not joining in the deed. In his answer, quoting from the abstract, he says: "these defendants say that the defendant Kazimierz Madaj is the owner of and legally entitled to an undivided one-half interest in and to" the premises, describing same. There was no controversy in relation to the amounts contributed by the parties in the payments made on the purchase of said premises or the rents received therefrom and expendi-

tures made thereon by the complainant. We are unable to see any "good and substantial" defense on the part of the defendant. The bill properly set forth all the rights and interests of the parties as provided by the statute. The defense was wholly without merit and the chancellor very properly taxed the complainant's solicitor's fees as costs in the case. The decree is affirmed.

*Affirmed.*